UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| ROBERT LEO OSWALD, | ) | |
| | ) | |
| Petitioner, | ) | Case No. 1:05-cv-753 |
| | ) | |
| v. | ) | Honorable Robert Holmes Bell |
| | ) | |
| KURT JONES, | ) | |
| | ) | |
| Respondent. | ) | |

**OPINION**

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that Petitioner fails to raise a meritorious federal claim.

**Discussion**

I.  Factual allegations

Petitioner is incarcerated in the Carson City Correctional Facility. He was convicted in the Branch County Circuit Court of two counts of malicious destruction of property over $100, one count of possession of a firearm during the commission of a felony, and one count of extortion. The offenses occurred on July 8, 1984. The trial court sentenced Petitioner as a fourth-felony habitual offender to prison terms of forty to sixty years for extortion; ten to fifteen years for malicious destruction of property; and two years for felony-firearm. On March 31, 1988, the Michigan Court of Appeals, in an unpublished opinion, reversed Petitioner's convictions and remanded for a new trial. On remand, after four jury trials, Petitioner was again convicted of all charges. On June 1, 1989, Plaintiff was sentenced as a fourth-felony habitual offender to two years for felony-firearm, ten to fifteen years for malicious destruction of property, and forty to sixty years for extortion. His conviction and sentence for felony-firearm and malicious destruction of property was affirmed by the Court of Appeals on March 18, 1991. *People v. Oswald (After Remand),* 188 Mich. App. 1 (1991). The Court of Appeals also affirmed Petitioner's conviction for extortion. However, in light of the Michigan Supreme Court decision in *People v. Milbourn*, 435 Mich. 630 (1990), the Court of Appeals remanded for resentencing on the extortion conviction. The Michigan Supreme Court denied leave to appeal on October 28, 1991. On December 30, 1991, Petitioner was resentenced as a fourth-felony habitual offender to forty to sixty years imprisonment.

In 1995, Petitioner filed a motion for relief from judgment under MCR 6.500 in the Branch County Circuit Court, which was denied. The Michigan Court of Appeals denied leave to

appeal on October 1, 1996, and on June 30, 1997, the Michigan Supreme Court denied leave to appeal.

In the instant petition, Petitioner claims that his sentence is unconstitutional pursuant to the holding in *Blakely v. Washington*, 524 U.S. 296 (2004). He argues that while the statutory maximum sentence for extortion is twenty years, the trial judge enhanced his sentence based upon facts that were neither admitted nor found beyond a reasonable doubt by the jury. He frames his grounds for relief as: "Habitual and Supplemental are Illegal. Defendant had (2) separate Juries. One (1) Indictment, Multiple charges, severed charges, all have to be reversed."

II. Merits

**A. *Blakely* violation**

The Supreme Court held in *Blakely* that the State of Washington's determinate sentencing system, which permitted the trial judge to increase the maximum sentence allowed by law by relying on facts not found by the jury, violated a defendant's Sixth Amendment rights. *Blakely,* 524 U.S. at 303. Generally, new rules of constitutional criminal procedure are not applied retroactively to cases on collateral review. *Teague v. Lane*, 489 U.S. 288 (1989). Whether a new procedural rule is given retroactive effect on collateral review is governed by the standard set forth by the Supreme Court in *Teague.* Under *Teague*, the determination whether a constitutional rule of criminal procedure applies to a case on collateral review requires a three-step process. *See O'Dell v. Netherland*, 521 U.S. 151, 156 (1997). First, the court must determine the date on which the defendant's conviction became final. *Id.* State convictions are final "'for purposes of retroactivity analysis when the availability of direct appeal to the state courts has been exhausted and the time for filing a petition for a writ of certiorari has elapsed or a timely filed petition has been finally denied.'"

*Beard v. Banks*, 542 U.S. 406, 411 (2004) (quoting *Caspari v. Bohlen*, 510 U.S. 383, 390 (1994). Under these authorities, Petitioner's conviction became final on September 28, 1997, ninety days after the Michigan Supreme Court denied leave to appeal.[1]  *Blakely* was not decided until June 24, 2004.

The second step of the inquiry is whether the principle invoked by the defendant on collateral review is a "new rule" of criminal procedure.  *O'Dell*, 521 U.S. at 156.  A case announces a new procedural rule "if the result was not *dictated* by precedent existing at the time the defendant's conviction became final." *Teague*, 489 U.S. at 301 (emphasis added).  Although *Blakely* applies and expands the rule enunciated in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), it cannot be said that the result in *Blakely* was in any way dictated by *Apprendi*.  All of the courts of appeals that have examined the issue have determined that *Blakely* enunciated a new rule of procedure.  *See, e.g.*, *Schardt v. Payne*, 414 F.3d 1025 (9th Cir. 2005); *United States v. Price*, 400 F.3d 844, 849 (10th Cir. 2005); *Humphress v. United States*, 398 F.3d 855, 860-63 (6th Cir. 2005); *United States v. Johnson*, 146 F. App'x 656 (4th Cir. 2005); *United States v. Causey*, 141 F. App'x 396 (5th Cir. 2005).  Third and finally, the same courts have also held that *Blakely*'s new rule does not fall within the two recognized exceptions to the *Teague* doctrine.  *See, e.g., Humphress*, 398 F.3d at 862.

Therefore, petitioner may not challenge his conviction, which became final in 1997, on the basis of Sixth Amendment principles enunciated years later in *Blakely*.

---

[1] In September 2004, Petitioner filed a second motion for relief from judgment in the Branch County Circuit Court, arguing that *Blakely* represented a change in the law that occurred after his first motion for relief was decided. On September 24, 2004, the motion was returned to Petitioner without filing as a prohibited successive motion. In November 2004, Petitioner filed a motion for relief from judgment in the Michigan Court of Appeals, which was denied as successive on December 17, 2004. On May 31, 2005, the Michigan Supreme Court denied Petitioner's application for leave to appeal, and on October 3, 2005, the United States Supreme Court denied his petition for certiorari. This post-conviction motion does not affect the date that Petitioner's conviction became final.

B.     **Double Jeopardy**

Petitioner was sentenced as a fourth-felony habitual offender. *See* Mich. Comp. Laws § 769.12.[2] Petitioner argues that when a person is convicted of a felony and completes his sentence for that crime, "then years or decades later the State uses that conviction again to enhance another Felony, is double jeopardy." The Double Jeopardy Clause of the Fifth Amendment guarantees that no person shall be "subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const. Amend. V. The prohibition against double jeopardy applies not only to "life and limb," but to prison sentences and criminal fines as well. *Dep't of Revenue of Montana v. Kurth Ranch*, 511 U.S. 767, 769 n. 1 (1994); *Jeffers v. United States*, 432 U.S. 137, 155 (1977). The Double Jeopardy Clause provides protection against (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense. *See Ohio v. Johnson*, 467 U.S. 493, 498-99 (1984); *Murr v. United States*, 200 F.3d 895, 900 (6th Cir. 2000). Petitioner contends he was subjected to multiple punishments for the same offense.

The protection against cumulative punishment confines courts' sentencing discretion to the legislative limits. *Johnson,* 467 U.S. at 499. It has long been established that sentence enhancement provisions do not subject a defendant to multiple punishments for the same offense. *Monges v.* California, 524 U.S. 721, 728 (1998) (double jeopardy principles are inapplicable to sentencing proceedings); *Bullington v. Missouri,*451 U.S. 430 (1981); *United States v. Pruitt*, 156

---

[2] The statute provides in relevant part that a person who has been convicted of any 3 felonies or attempts to commit felonies, upon a subsequent conviction the person shall be sentenced as follows:   If the subsequent felony is punishable upon a first conviction by imprisonment for a maximum term of 5 years or more or for life, the court . . . may sentence the person to imprisonment for life or for a lesser term. MICH. COMP. LAWS § 769.12 (1)(a).

F.3d 638, 645-46 (1998) (holding that statutory enhancement of sentence on basis of two prior felonies did not violate double jeopardy clause); *Carpenter v. Chapleau*, 72 F.3d 1269, 1272 (6th Cir. 1996); *United States v. Mack*, 938 F.2d 678, 681 (6th Cir. 1991). Moreover, a state may use the same predicate offenses to enhance a defendant's sentence on more than one occasion without violating the Double Jeopardy Clause. *Carpenter*, 72 F.3d at 1272. The rationale is that "[a]n enhanced sentence imposed on a persistent offender thus 'is not to be viewed as either a new jeopardy or additional penalty for the earlier crimes' but as a 'stiffened penalty for the latest crime, which is considered to be an aggravated offense because a repetitive one.'" *Monges*, 524 U.S. at 727-28 (quoting *Gryger v. Burke*, 334 U.S. 728, 732 (1948)). In essence, an habitual offender statute does not establish an independent criminal offense. *Montgomery v. Bordenkircher*, 620 F.2d 127, 129 (6th Cir. 1980). Therefore, "'[b]ecause the habitual criminal statute defines a status and not a separate offense, the double jeopardy prohibition is inapplicable.'" *Pruitt*, 156 F.3d at 646 (quoting *Montgomery*, 620 F.2d at 129.)

Accordingly, Petitioner's enhanced sentence under Michigan's habitual offender statute does not violate the Double Jeopardy Clause.

## Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because the petition lacks merit on its face.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a

"substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of the State of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to

- 7 -

proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of petitioner's claims. *Id.*

The Court finds that reasonable jurists could not find that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court denies Petitioner a certificate of appealability.

A Judgment consistent with this Opinion will be entered.


Date:   December 16, 2005             /s/ Robert Holmes Bell
                                       ROBERT HOLMES BELL
                                       CHIEF UNITED STATES DISTRICT JUDGE